UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KEVIN J. YARBROUGH, | Case No. 2:14-CV-2216 JCM (CWH) |
| Plaintiff(s), | ORDER |
| v. | |
| CANYON GATE AT LAS VEGAS, INC., | |
| Defendant(s). | |

Presently before the court is defendant Canyon Gate at Las Vegas, Inc.'s (hereinafter "defendant") motion to dismiss. (Doc. # 5). Plaintiff Kevin Yarbrough (hereinafter "plaintiff") filed a response, (doc. # 9), and defendant filed a reply, (doc. # 12).

**I.   Background**

Plaintiff works for defendant as an assistant golf professional.  In August 2013, he was transferred to work as an assistant retail clerk in defendant's golf shop.  For each eight-hour shift, paintiff was entitled to two fifteen-minute paid rest breaks and one thirty-minute unpaid lunch period.  (Doc. # 1-2).

Plaintiff was not provided his rest breaks.  Rather than allowing plaintiff to take a lunch break, plaintiff's supervisor directed him to clock out for lunch and continue working.  Plaintiff complained to defendant's general and regional managers.  (Doc. # 1-2).

Plaintiff's hours were then reduced repeatedly.  Despite his seniority, plaintiff was assigned to work outdoors in extreme heat while less-senior employees were allowed to work elsewhere.  On one occasion, plaintiff was disciplined for refusing to clock out while working.  (Doc. # 1-2).

**James C. Mahan
U.S. District Judge**

Plaintiff's annual evaluation was markedly lower after his complaints. He was provided with written comments about his "negative attitude" and failure to understand defendant's business. Plaintiff has lost hours, income, and career advantage. (Doc. # 1-2).

On November 19, 2014, plaintiff filed a complaint against defendant in Nevada state court alleging violation of the Fair Labor Standards Act ("FLSA"), violations of Nevada Revised Statutes 608.016 and 608.019, and retaliation. (Doc. # 1-2). On December 30, 2014, defendant removed the case to this court. (Doc. # 1).

## II. Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678-79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.*

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of

1  misconduct, the complaint has "alleged – but it has not shown – that the pleader is entitled to
2  relief." *Id.* at 679 (internal quotations omitted).  When the allegations in a complaint have not
3  crossed the line from conceivable to plausible, plaintiff's claim must be dismissed.  *Twombly*, 550
4  U.S. at 570.

5  The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202,
6  1216 (9th Cir. 2011).  The *Starr* court held,

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.  Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III.  Discussion

Defendant moves to dismiss all four of plaintiff's claims.  Plaintiff's claims will be addressed in turn to determine whether dismissal is appropriate.

### a.  Fair Labor Standards Act

Defendant first argues that plaintiff's cause of action for retaliation under the Fair Labor Standards Act ("FLSA") should be dismissed.  Plaintiff alleges that defendant retaliated against him after plaintiff complained about non-payment for time worked during meal and rest breaks. (Doc. # 1-2).  Defendant contends that because the alleged retaliation arises from non-payment for meal or rest periods, it does not arise under the FLSA.  (Doc. # 5).

The FLSA sets minimum wage and overtime standards for employment.  29 U.S.C. § 201 *et seq.*  Specifically, the FLSA requires employers to pay employees who work in excess of forty hours per week "at a rate not less than one and one-half times" their normal wages.  29 U.S.C. § 207(a)(1).

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

Section 15(a)(3) of the FLSA prohibits retaliation. It makes it unlawful "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint . . . under or related to this chapter . . . ." 29 U.S.C. § 215(a)(3).

The Ninth Circuit has held that complaints to an employer may constitute protected action under the FLSA. *Kasten v. Saint-Gobain Performance Plastics Corp.*, 131 S.Ct. 1325, 1336 (2011) (holding that FLSA language covers oral complaints); *Lambert v. Ackerley*, 180 F.3d 997, 1004 (9th Cir. 1999) (applying broad remedial purpose of FLSA to find that complaints with employer are "related to" FLSA, thus qualifying them under retaliation provision).

While the FLSA does not mandate paid break time, it allows consideration of work during these periods in calculating potential failure to pay minimum wage or overtime. *Nelson v. Waste Mgmt. of Alameda Cty., Inc.*, 33 Fed. App'x 273, 274 (9th Cir. 2002) (holding that while FLSA does not require compensation for work during break times, it "requires that both hours worked and meal periods treated as hours worked be included in wage and overtime calculations").

In the instant case, plaintiff alleges that he complained to defendant about the failure to provide break and lunch periods, as well as non-payment for this time worked. (Doc. # 1-2). He states that defendant then retaliated against him by reducing his hours, reassigning him, and giving him a negative evaluation. (Doc. # 1-2).

Plaintiff's claims do not "arise under or relate to" the FLSA unless they implicate the statute's overtime or minimum wage requirements. *See* 29 U.S.C. § 215(a)(3). The FLSA does not require meal and rest periods, nor does it mandate payment for work during these periods. *See* 29 U.S.C. § 201 *et seq.* Accordingly, plaintiff cannot state a claim for FLSA retaliation based on his complaints about alleged state law violations. *See* NRS 608.016 (requiring employer to pay for each hour worked, including during break periods); NRS 608.019 (providing for meal and rest periods).

In order to state a claim for failure to pay minimum wage under the FLSA, a plaintiff must allege that his average hourly pay fell below the statutory minimum. *Adair v. City of Kirkland*, 185 F.3d 1055, 1063 (9th Cir. 1999) ("The district court properly rejected any minimum wage claim the officers might have brought by finding that their salary, when averaged across their total

James C. Mahan
U.S. District Judge

- 4 -

time worked, still payed them above minimum wage."); *Sullivan v. Riviera Holdings Corp.*, No. 2:14-cv-165-APG-VCF, 2014 WL 2960303, at *2 (dismissing FLSA claim because plaintiffs' allegations did not meet this standard).

Plaintiff does not contend that he was ever paid below minimum wage, nor does he even state his hourly wage or salary amount. *See Sullivan*, 2014 WL 2960303 at *2 (dismissing minimum wage claim where plaintiffs "do not even plead their current hourly wage"); *Levert v. Trump Ruffin Tower I, LLC*, No. 2:14-cv-1009-RCJ-CWH, 2015 WL 133792, at *3 (dismissing complaint in similar circumstances, noting plaintiff's failure to allege hourly wage or any facts leading to inference of FLSA violation).

Plaintiff also does not allege that defendants required him to work overtime. *See Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 646 (9th Cir. 2014) (discussing pleading requirement that plaintiff "specify at least one workweek in which he worked in excess of forty hours and were not paid overtime wages").

Accordingly, the FLSA does not cover plaintiff's allegations and plaintiff's complaint fails to state a claim for FLSA retaliation. The motion to dismiss will therefore be granted as to this claim. However, the court will dismiss plaintiff's FLSA retaliation claim without prejudice.

    **b. *Plaintiff's remaining state law claims***

Plaintiff's complaint also includes claims for violations of Nevada Revised Statutes 608.016 and 608.019, negligent training and supervision, and unspecified retaliation. Defendant moves to dismiss these claims on various grounds.

Considering the court's ruling on plaintiff's FLSA claim, the court will decline to exercise supplemental jurisdiction over the remaining state law causes of action. *Wade v. Reg'l Credit Ass'n*, 87 F.3d 1098, 1101 (9th Cir. 1996) (holding that "where a district court dismisses a federal claim, leaving only state claims for resolution, it should decline jurisdiction over the state claims and dismiss them without prejudice").

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 5 -

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that defendant's motion to dismiss, (doc. # 5), be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff's complaint is DISMISSED without prejudice. The clerk shall close the case.

DATED March 10, 2015.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**